[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE: OBJECTION TO DEFENDANT'S REQUEST TO REVISE (#107) ANDDEFENDANT'S OBJECTION TO REVISED COMPLAINT (#109)
Plaintiff's second revised complaint (dated April 11, 1997, filed April 17, 1997) contains two counts each alleging medical malpractice predicated upon an unsuccessful sterilization procedure. The first count asserts a cause of action against the named defendant; the second, against Dr. Lawrence Lazor.
Upon review, and after hearing, the court does not find allegations 14e, 14g, and 14h of the second count of the second revised complaint to be repetitious or duplicative.
With reference to paragraphs #14 of the first count and #17 of the second count, I am unable to conclude that the effect of each of those paragraphs is to improperly combine separate causes of action in a single count. Practice Book Section 147(3). The Supreme Court, in Ochsv. Borrelli, 187 Conn. 253 (1982), considered the issue of whether a cause of action for wrongful conception may encompass a claim for recovery of ordinary child-rearing expenses, stating: ". . . the better rule is to allow parents to recover for the expenses of rearing an unplanned child to majority when the child's birth results from negligent medical care [laparoscopic tubal ligation]."187 Conn. at p. 258. I do not read Martinez v. HartfordHospital, 6 CSCR 565 (1991) as requiring plaintiff to set forth her claim for consequential child raising costs in a separate court; rather, "plaintiff seeks to recover the CT Page 8378 costs of raising the [child] as an element of damages arising out of the medical malpractice claim." Id. Seealso: Anonymous v. Hospital, 33 Conn. Sup. 125 (Super.Ct. 1976).
After hearing, plaintiff's objection to request to revise (#107) is sustained; defendant's objection to revised complaint (#109) is overruled.
Mulcahy, J.